UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr., Booking No. 22726041,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 22-CV-1222-RSH (JLB)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff David B. Turner, Jr. is a prisoner detained at the San Diego County Jail in San Diego, California. On August 18, 2022, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, but neither paid the civil filing fee nor submitted a motion to proceed *in forma pauperis* ("IFP"). ECF No. 1. Plaintiff alleges he was hit by a car and broke his leg before he was housed in the San Diego County Jail, and while recovering from the broken leg, he was required to sit in a wheelchair in ankle shackles handcuffed to a wall. *Id*. at 3. Plaintiff claims he was refused sufficient pain medication and forced to live in overcrowded conditions, which caused him to contract COVID-19. *Id*. at 3–4. He seeks $34 million in damages. *Id*. at 7.

On August 26, 2022, the Court dismissed this action without prejudice for failure to

satisfy the filing fee requirement. ECF No. 2. Plaintiff now moves to proceed IFP. ECF No. 3. For the reasons discussed below, the Court denies Plaintiff's motion (ECF No. 3) and dismisses the Complaint (ECF No. 1) without prejudice.

**I.      Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350 fee, and those not granted leave to proceed IFP must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing") Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim."

*King*, 398 F.3d at 1116 n.1. A strike may also be denial of the prisoner's IFP application. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (noting that a complaint is "dismissed" under § 1915(g), "even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee"). In determining whether a dismissal counts as a strike, "the style of the dismissal or the procedural posture is immaterial." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016). "Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *Id.* (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

While defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "[i]n some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *King*, 398 F.3d at 1120. That is the case here.

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Based on a review of its own dockets, the Court finds that Plaintiff has been previously identified under San Diego County Sheriff's Department Booking No. 13719099 and Booking No. 15780644, and CDCR Inmate #G-30643. While incarcerated, Plaintiff has had at least four prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] These cases are:

(1) *Turner v. Metropolitan Transit System*, No. 3:09-cv-00770-AJB-KSC

---

[1] In fact, a review of the Court's own dockets on PACER show that Plaintiff has filed more than thirty cases similar to this one over the course of the last ten years, most of them alleging excessive force and the denial of medical care, and seeking monetary relief from the City and County of San Diego, and San Diego County Sheriff's Department officials.

(S.D. Cal. Nov. 20, 2009) (denying amended motion to proceed IFP and dismissing amended complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b) at ECF No. 6);

(2) *Turner v. Corporal Saunder (7294)*, No. 3:13-cv-01368-MMA-DHB (S.D. Cal. June 18, 2013) (dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b) and denying motion to proceed IFP as moot at ECF No. 3);

(3) *Turner v. County of San Diego*, No. 3:13-cv-02288-LAB-RBB (S.D. Cal. July 11, 2014) (dismissing *sua sponte* First Amended Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) at ECF No. 7), No. 14-56249 (9th Cir. Nov. 11, 2014) (denying appellant's motion to proceed IFP "because we find that there is no non-frivolous issue presented in this appeal"); and

(4) *Turner v. San Diego County*, No. 3:13-cv-02729-JLS-PCL (S.D. Cal. Nov. 19, 2014) (granting IFP and dismissing *sua sponte* First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) at ECF No. 13) (dismissing case in its entirety for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and for failing to prosecute pursuant to Fed. R. Civ. P. 41(b) at ECF No. 14)[2], No. 15-55544 (9th Cir. July 30, 2015) (denying appellant's motion to proceed IFP "because we find that the appeal is frivolous")[3].

Because Plaintiff has accumulated at least four "strikes" as defined by § 1915(g) while incarcerated, he is not entitled to the privilege of proceeding IFP in this action, unless he has made a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (stating that 28 U.S.C. § 1915(g) "only precludes prisoners with a history of

---

[2]   *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[3]   *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee").

abusing the legal system from continuing to abuse it while enjoying IFP status").

Plaintiff alleges in this case that while recovering from the broken leg he was required to sit in a wheelchair in ankle shackles handcuffed to a wall. ECF No. 1 at 3. Plaintiff claims he was refused sufficient pain medication and forced to live in overcrowded conditions, causing him to contract COVID-19. *Id*. at 3–4. These allegations fail to plausibly suggest he was in imminent danger of serious physical injury at the time he filed the Complaint. *See Dustin v. Kern Valley State Prison Personnel*, No.19cv0989-LJO-SAB (PC), 2019 WL 6463991, at *1 (E.D. Cal. Dec. 2, 2019) (holding that allegations of lingering pain caused by past injury does "not establish that [plaintiff] was in imminent danger of serious physical injury at the time he filed his complaint.") (collecting cases); *Bontemps v. Baker*, No. 16cv2814-MCE-CMK, 2018 WL 4095922, at *2 (E.D. Cal. Aug. 28, 2018) ("The court finds that the injuries alleged to have been sustained as a result of incorrect placement of handcuffs is not severe enough to rise to the level of imminent danger of serious physical injury."); *Stewart v. Lystad*, No. 16cv1439-BHS-JRC, 2016 WL 6816278, at *2–3 (W.D. Wash. Oct. 14, 2016) (finding prisoner's claims of "intractable" foot pain and an alleged inability to "work out, fall asleep, work, stand for long periods or walk long distances" insufficient to satisfy § 1915(g)'s "imminent danger" exception), *report and recommendation adopted*, 2016 WL 6805339 (W.D. Wash. Nov. 17, 2016); *Shove v. McDonald*, No. 14cv2903-JD, 2015 WL 5693730, at *3 (N.D. Cal. Sept. 29, 2015) (holding that pain and injury caused by being placed in handcuffs failed to demonstrate "possible serious physical injury").

Therefore, the Court finds Plaintiff's Complaint contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *See Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

## II. Conclusion and Orders

For the reasons above, the Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) as barred by 28 U.S.C. § 1915(g). Further, the Court **DISMISSES** Plaintiff's Complaint for failure to satisfy the filing fee requirement. Unless Plaintiff pays the $402

1  civil filing fee within forty-five (45) days of the date this Order is filed, the Court will enter
2  a final judgment of dismissal.
3  **IT IS SO ORDERED**.
4
5  Dated: September 27, 2022
6  *Robert S. Huie*
   Hon. Robert S. Huie
7  United States District Judge